UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| WILLIAM SMITH and RUTH SMITH,<br><br>       Plaintiffs,<br><br>   v.<br><br>LITTON LOAN SERVICING; OCWEN LOAN SERVICING; FREMONT INVESTMENTS AND LOANS; QUALITY LOAN SERVICE CORP.; ATLAS FINANCIAL SERVICES; ALAN ATLAS; and SHOHAIB S. ZOHDI,<br><br>       Defendants.<br>_____/ | NO. CIV. 2:09-3472 WBS JFM<br><br><u>ORDER RE: MOTIONS TO DISMISS</u> |

----oo0oo----

      Plaintiffs William and Ruth Smith filed this action against defendants Litton Loan Servicing ("Litton"), Ocwen Loan Servicing, Fremont Investment and Loans ("Fremont"), Quality Loan Service Corp., Atlas Financial Services, Alan Atlas, and Sohaib S. Zohdi, alleging various state and federal claims relating to a loan they obtained to purchase their home in Lincoln, California.

1

(Docket No. 1.)  Plaintiffs asserted that the basis of this court's jurisdiction over the action was federal question jurisdiction, predicated on their claims for violations of the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617.  (Id.)

Defendants Fremont and Litton each filed a motion to dismiss the Complaint on March 29, 2010, and April 14, 2010, respectively.  (Docket Nos. 12, 17.)  In response, plaintiffs filed statements of non-opposition to dismissal of their RESPA and TILA claims and further request the court to dismiss the Complaint in its entirety, since the court lacks subject matter jurisdiction without the federal claims.  (Docket Nos. 23, 24.)  Because defendants' motions are unopposed and plaintiffs request dismissal their TILA and RESPA claims, the court will accordingly grant defendants' motions to dismiss these claims for the reasons stated therein.

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction . . . ."  28 U.S.C. § 1367(c)(3); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c).").  Factors for a court to consider in deciding whether to dismiss supplemental state claims include judicial economy, convenience, fairness, and comity. Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th

Cir. 1992).  "[I]n the usual case in which federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims."  Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996) overruled on other grounds by Acri, 114 F.3d at 1000.

Since plaintiffs have abandoned their federal claims, and none of the parties oppose dismissal of this action and have not posed any extraordinary or unusual circumstances that would counsel against dismissal, the court will decline to exercise supplemental jurisdiction under § 1367(c)(3) as to the Complaint's remaining state law claims.

IT IS THEREFORE ORDERED that Fremont and Litton's motions to dismiss the Complaint be, and the same hereby are, GRANTED without prejudice.

AND IT IS FURTHER ORDERED that the Complaint be, and the same hereby is, DISMISSED without prejudice.[1]

DATED:  May 25, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs' pending motion for leave to amend the Complaint is therefore necessarily DENIED AS MOOT.

3